UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Stephen Dally,

                Plaintiff,      Case No. 23-cv-10877

v.                               Judith E. Levy
                                     United States District Judge
Plastic Omnium Auto Inergy
(USA), LLC,                       Mag. Judge David R. Grand

                Defendant.

_____/

## ORDER GRANTING UNOPPOSED MOTION FOR APPROVAL OF PARTIAL FLSA SETTLEMENT [45]

This matter is before the Court on the Plaintiff's Unopposed Motion for Approval of Partial FLSA Settlement ("Approval Motion"). The Approval Motion asks the Court to approve, as fair and reasonable, the proposed partial settlement that the Parties reached and memorialized in the Partial Settlement Agreement and Specific Release ("Partial Settlement" or "Agreement"), attached to the Unopposed Motion as Exhibit A.

Having reviewed the Approval Motion, the Agreement, the Declarations of Kevin J. Stoops and Jonathan Melmed, and the pleadings

and papers on file in this action, and for good cause established therein, the Court enters this Order certifying the FLSA Collective and approving the Partial Settlement, including the proposed attorneys' fees and expense reimbursements to Class Counsel, and the settlement administrator fee.

1. The captioned action asserts wage-and-hour claims under the FLSA, 29 U.S.C. § 201, et seq., on behalf of non-exempt employees of Plastic Omnium Auto Inergy (USA), LLC ("Defendant").

2. On April 17, 2023, Plaintiff Stephen Dally filed this action asserting a collective action claim for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count I), as well as a Rule 23 Unjust Enrichment claims for Defendant's alleged failure to pay for off-the-clock work performed by its hourly employees (Count II).

3. In general, Plaintiff alleged that Defendant violated the FLSA by failing to pay Plaintiff and the putative collective members the proper overtime rate when calculating their regular rate of pay in connection

with various forms of non-discretionary compensation earned in weeks during which they worked overtime hours.[1]

4. After appearance of Defendant's Counsel and through mid-September 2023, the Parties held multiple meet and confer conferences during which they discussed, among other things: the geographic scope of Plaintiff's claims; the viability of Plaintiff's claims including application of those claims to various forms of incentive compensation paid by Defendant to employees; the voluntary exchange of pay and timekeeping data to analyze the potential damages; and the possibility of exploring resolution via direct negotiations or with the assistance of a mediator.

5. Ultimately, the Parties decided to submit the case to mediation with nationally respected wage and hour mediator Michael Russell. Prior to the mediation Defendant provided Plaintiff with time and pay data. Plaintiff retained an economic expert to analyze the data and to prepare a comprehensive damage analysis.

---

[1] Plaintiff also alleged that Defendant maintains an unlawful time rounding policy that results in its hourly employees not receiving compensation for work they perform off-the-clock each and every shift. That portion of Plaintiff's claims is not covered by this Settlement and the Parties will continue to litigate the merits of the time rounding/off-the-clock claims after this Settlement is effectuated.

6. The Parties attended mediation on January 8, 2024. After several hours, the Parties were unable to reach an agreement.

7. Over the next few weeks the Parties held multiple meet and confer conferences to discuss resubmitting the case to mediation.

8. On April 29, 2024 the Parties attend a second mediation with Michael Russell. After several hours, the Parties were again unable to reach an agreement.

9. With the continued assistance of the mediator, the Parties continued their settlement negotiations during the summer months of 2024.[2] In late summer 2024 the Parties reached a partial settlement covering Plaintiff's regular rate claims.

10. The Partial Settlement will cover the Named Plaintiff and all of the Eligible Employees who elect to participate in the Partial Settlement by depositing their Individual Settlement Payments. There are 956 Eligible Employees.

7. The Agreement provides that, in consideration of the $200,000 Gross Settlement Amount, the FLSA regular rate claims of the

---

[2] The Parties also negotiated the form of collective notice of Plaintiff's time rounding/off-the-clock claims to the putative collective).

4

Named Plaintiff and all of the Eligible Employees who deposit and/or cash their Individual Settlement Payment will be dismissed with prejudice.

8. The Court finds that the proposed Partial Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Partial Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Class Counsel has informed the Court that they believe the Partial Settlement is fair, reasonable, and adequate, and in the best interests of the Named Plaintiff and all of the Eligible Employees. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Partial Settlement; and the Parties' counsel's experience and views.

9. The Court approves the settlement documents attached to the Approval Motion as Exhibit B, and orders that the Partial Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants final approval of the Partial Settlement as to the Named Plaintiff and all Eligible Employees who

elect to participate in the Partial Settlement by depositing their Individual Settlement Payments.

11. The Court approves the payment of attorneys' fees and expenses to Sommers Schwartz, P.C. and Melmed Law Group, P.C. in the amount of $57,848.

12. The Court approves reimbursement to Sommers Schwartz, P.C. and Melmed Law Group, P.C. of litigation expenses incurred in this matter in an amount not to exceed $1,700.

13. The Court appoints Atticus Administration, LLC, to serve as settlement administrator and grants if fees in an amount not to exceed $9,300.

14. The Court retains jurisdiction over the action to enforce the Settlement, including notice administration and the settlement distribution process, and to later dismiss the case after the settlement payment distribution process has completed.

IT IS SO ORDERED.

Dated: June 11, 2025           s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 11, 2025.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager